# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

NICOLE RICHARD,

    *Plaintiff*,

v.                                        Case No. 4:16cv184-MW/CAS

GEICO GENERAL INSURANCE
COMPANY, A FOREIGN CORPORATION,

    *Defendant.*

_____/

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This Court held a hearing to address Defendant's Motion for Summary Judgment, ECF No. 44, and Plaintiff's Motion for Partial Summary Judgment, ECF No. 47. For the reasons stated on the record on January 27, 2017, and as summarized below, Defendant's motion is **DENIED** and Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

Plaintiff first argues that he is entitled to partial summary judgment and that he is entitled to uninsured-motorist coverage because Defendant failed to obtain a written waiver of that coverage prior to issuing his insurance policy. ECF No. 47, at 4–6.

1

That argument is not well taken. By its plain language, section 627.727, Florida Statutes, does not require that the written rejection of coverage must be signed by the insured or received by the insurer prior to the policy being issued. Nor has Plaintiff directed this Court to any other authority supporting his position. This Court therefore refuses to inject such a sequential requirement into the statute.

Plaintiff also argues that he is entitled to partial summary judgment establishing that the waiver form at issue here was not approved by the Florida Office of Insurance Regulation ("OIR") and, thus, that Defendant cannot enjoy § 627.727's conclusive presumption. ECF No. 47, at 6. This Court agrees.[1] For section 627.727's conclusive presumption to attach, two requirements must be met: (1) the form must comply with the statute; and (2) the form must have been approved by the OIR. But Defendant amended its form without having OIR review that form or obtaining OIR's approval. That the changes were minor and only affected structure is of no matter; all waiver forms "*shall . . .* [be]

---

[1] Defendant argues just the opposite—that the conclusive presumption attaches and, thus, it is entitled to summary judgment. ECF No. 44, at 16–28. For the same reasons that Plaintiff's motion is granted on that ground, Defendant's is denied.

2

on a form approved by the office" to enjoy the conclusive presumption. § 627.727(1), Fla. Stat. (2006) (emphasis added). Substantial compliance with a prior OIR-approved form is simply not enough.

But even if that were not the case, Defendant is not entitled to § 627.727's conclusive presumption on other grounds. That statute provides that:

> The heading of the [waiver] form *shall* be in 12-point bold type and *shall* state: "You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing uninsured motorist limits less than your bodily injury liability limits when you sign this form. Please read carefully."

*Id* (emphasis added). Yet the form Plaintiff signed reads as follows (struck through text represents text that Defendant deleted, while underlined text represents text that Defendant added):

> You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing uninsured motorist limits less than your bodily injury ~~liability~~ limits when you sign this form. Please read <u>it</u> carefully.

The form Plaintiff signed thus did not comply with the statute's requirements. Unambiguous statutes must be strictly adhered to,

s*ee CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) (referencing the plain meaning rule), and this Court cannot identify a legal principle that allows it to conclude the legislature meant anything other than "shall."

Defendant nonetheless argues that *QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n, Inc.*, 94 So.3d 541 (Fla. 2012), establishes that substantial compliance with § 627.727's terms is enough for the conclusive presumption to attach. That case is readily distinguishable. In *QBE*, the Florida Supreme Court held that an insurance policy was not rendered void and unenforceable for "failure to comply with the [statutory] language and type-size requirements . . . ." *Id.* at 554. Unlike *QBE*, however, this is not a case where the plaintiff is seeking to create a *remedy* from whole cloth. Rather, Plaintiff argues that Defendant is not entitled to a *right* created by that statute. This Court therefore refuses to rewrite the statute such that Defendant can enjoy § 627.727's conclusive presumption merely because its waiver form is "close enough."

But that is not the end of the inquiry. ECF No. 44, at 29–32. Defendant argues that even assuming the conclusive presumption does not apply, it is entitled to summary judgment

4

because Plaintiff made an informed, knowing rejection of coverage. That is not so. Defendant is correct that one may orally reject uninsured-motorist coverage. *Union Am. Ins. Co. v. Cabrera*, 721 So.2d 313, 314 (Fla. 3d DCA 1998). But a reasonable jury could conclude that, in fact, Plaintiff did *not* make an informed, knowing rejection of coverage. Were that the case, Defendant would be on-the-hook for Plaintiff's alleged damages. Of course, Defendant can present evidence at trial purporting to establish that Plaintiff waived uninsured-motorist coverage (for example, the waiver form that Plaintiff signed, Plaintiff's subsequent renewals, and any of the affidavits Defendant relied on here), and Plaintiff can present evidence purporting to establish that he either did not waive coverage or was tricked into doing so (for example, Defendant's allegedly deceptive business practices). The issue of waiver, though, cannot be decided here; rather, that is for the jury to decide.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 44, is **DENIED**.

2. Plaintiff's Partial Motion for Summary Judgment, ECF No. 47, is **DENIED** in part and **GRANTED** in part.

**SO ORDERED on January 30, 2017.**

          <u>**s/Mark E. Walker**</u>
          **United States District Judge**